IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-20014-04-JAR |
| CLARENCE BRADLEY, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Clarence Bradley's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(ii) (Doc. 160), seeking compassionate release from his remaining term of home confinement. Defendant asks that his sentence be reduced to time served for him to receive life-saving medical care that he is unable to receive while still technically in Bureau of Prisons ("BOP") custody. After reviewing the briefs, the Court issued an Order to Show Cause to Defendant, asking him to submit a copy of his requests to the warden of his facility for compassionate release, or other documentation showing exhaustion and/or futility.[1] Defendant filed his response to the Order to Show Cause on December 11, 2023.[2] The motion is now fully briefed, and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion for compassionate release.

### I.  Background

On March 13, 2017, Defendant Clarence Bradley pled guilty to Count 1 of the Indictment for conspiracy to distribute and possess with intent to distribute more than 50 grams of

---

[1] Doc. 175.
[2] Doc. 176.

methamphetamine.  At the time of sentencing, the Sentencing Guidelines as applied to Defendant provided for a total offense level of 39, a criminal history category of V, and a resulting advisory Guidelines range of 360 months to life imprisonment.  On December 17, 2018, this Court imposed a downward departure and variance, and sentenced Defendant to 150 months' imprisonment, followed by ten years of supervised release.  Defendant did not file a direct appeal.  On January 2, 2020, Defendant filed a Motion to Vacate and Discharge with Prejudice under 28 U.S.C. § 2255, alleging that the government violated the Sixth Amendment by intentionally and unjustifiably becoming privy to recordings of his attorney-client communications.[3]  The Court denied his habeas motion on August 23, 2023.[4]

Defendant has been diagnosed with Coronary Artery Disease and Peripheral Artery Disease.  Based on Defendant's health condition, in April 2023, the BOP released Defendant to serve the rest of his term in home confinement, with required weekly check-ins at the Grossman Halfway House in Leavenworth, Kansas.

Defendant requires immediate coronary care, including but not limited to vascular surgery, but he is ineligible for Medicaid or Medicare while in BOP custody.  Instead, the BOP is charged with providing Defendant medical care and/or medical insurance.  Defendant's medical providers have had a difficult time in coordinating health care coverage for his medical needs through the BOP, and the BOP has denied him coverage for the procedures he requires. Defendant contends in his motion that the BOP recently coordinated an appointment for medical care, but the BOP's designated physician referred him back to his previous physician due to his advanced medical condition and needs.

---

[3] Doc. 148.

[4] Doc. 155.

Due to the advanced nature of Defendant's condition, his mobility is extremely limited. His weekly trips to and from his home in Butler, Missouri to Leavenworth, Kansas to check in at the BOP facility are becoming increasingly difficult for him to remain compliant.

Defendant is due to be released from custody on December 1, 2025. He is 68 years old. He asks that the Court grant him compassionate release so that he can obtain the medical care he needs from his own medical providers, negating the need to coordinate and seek approval for care from the BOP, and so he can become eligible for Medicare and/or Medicaid coverage.

## II.   Discussion

Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[5] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[6] The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[7] If the Court grants the motion, however, it must address all three steps.[8]

---

[5] Pub. L. No. 115-391, 132 Stat. 5194.

[6] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[7] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[8] *McGee*, 992 F.3d at 1043 (citation omitted).

### A. Exhaustion

Exhaustion under § 3582(c)(1)(A), is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[9] The government invokes exhaustion here, arguing in its response that Defendant has provided no evidence of his attempts to exhaust. Defendant contends in his motion, reply, and response to the Court's Order to Show Cause that he has done all he can do to request relief through the BOP under the circumstances, and that any further attempts to exhaust would be futile.[10]

Defendant fails to submit documentation that he requested compassionate relief from the warden of his prior facility or from the Grossman Center, that was denied, and then waited 30 days before filing his motion. But Defendant contends that a narrow exception to exhaustion applies here because exhaustion would be futile.[11] The Court agrees with Defendant that exhaustion would be futile under the unique circumstances of this case. Although Defendant is still in BOP custody, he has been designated to serve the remainder of his term in home confinement.[12] Defendant has demonstrated that he cannot obtain the medical treatment he requires through the BOP, that the BOP has been unwilling to coordinate and cover the care he requires, and that Medicare or Medicaid coverage would enable him to receive the necessary treatment. While it is clear that Defendant continues to be in BOP custody while on home confinement, it is unclear whether he is required to first seek compassionate release through the

---

[9] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[10] Doc. 160 at 2; Doc. 174 at 3.

[11] *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (addressing futility and administrative exhaustion as to a § 2241 habeas petition); *United States v. Tyler*, No. 04-20044-02-KHV, 2022 WL 2866700, at *2 (D. Kan. July 29, 2022) (citations omitted) (addressing futility and administrative exhaustion as to a compassionate release motion).

[12] *See Courtney v. Williams*, No. 22-1015, 2022 WL 21817791, at *3 (D. Colo. Aug. 2, 2022) (citations omitted) (explaining that BOP retains custody and legal control over the prisoner serving home confinement).

warden of the facility that released him to home confinement, or through the Grossman Center, which is managing his weekly check-ins. Defendant has submitted documentation that his medical providers are waiting for approval on treatment from either the BOP or the Grossman Center. He has a procedure scheduled for January 3, 2024, but it has not been approved by the BOP. And he maintains that the Grossman Center has declined to provide him with the documents he submitted to it requesting medical treatment that would support exhaustion. Under these unique circumstances, the Court finds that requiring Defendant to further exhaust his administrative remedies would be futile. Thus, the Court will proceed to determine whether Defendant presents an extraordinary and compelling reason for a reduction in sentence.

### B.     Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[13] That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[14] On November 1, 2023, a new Sentencing Commission policy statement became effective that lists certain medical circumstances of the Defendant as an extraordinary and compelling reason for compassionate release.[15] These include where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the

---

[13] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[14] *Id.* at 832, 836–37.

[15] U.S.S.G. § 1B1.13 (2023).

defendant is at risk of serious deterioration in health or death."[16]  Defendant's reason for release here is consistent with this policy statement.

Additionally, the Government concedes that Defendant has made the necessary showing of extraordinary and compelling circumstances based on his health condition and age, which is consistent with another policy statement by the Sentencing Commission.[17]  The Court finds that Defendant's serious health condition, his difficulty in obtaining the treatment he needs while still technically in BOP custody, and his advanced age constitute extraordinary and compelling circumstances.

### C. Section 3553(a) Factors

The Government argues that even if the Court finds compelling and extraordinary circumstances present, the factors set forth in § 3553(a) do not warrant a reduction in Defendant's sentence.[18]  Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[19]

---

[16] *Id.* § 1B1.13(b)(1)(C).

[17] *Id.* § 1B1.13(b)(2).

[18] *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

[19] 18 U.S.C. § 3553(a).

The Government argues that the nature and circumstances of the offense and Defendant's criminal history justified a much longer sentence under the Guidelines range—360 months—as compared to the sentence he ultimately received. The Government focuses on the amount and purity of the methamphetamine that Defendant sold, and the fact that he was previously convicted of four narcotics-related offenses. Because Defendant received a departure and variance from the Guidelines range to 150 months, the Government maintains that he should not now receive an even further reduction of his sentence. The Court disagrees with the Government that the § 3553(a) factors counsel against compassionate release.

First, the Court notes that the generous sentencing departure it imposed at the time of sentencing was largely based on the government's motion for a departure to 156 months; the Court varied downward to 150 months. At that time, the Court determined that a 150-month sentence was sufficient, but not greater than necessary, to meet the objectives of § 3553(a).

Second, on a motion for compassionate release, the Court must consider the § 3553(a) factors in light of post-sentencing developments.[20] The Court agrees with Defendant that his health circumstances have dramatically changed since the time of sentencing, and his ongoing medical care should be taken into account. He only has two years remaining on his term of custody and the BOP already has determined that his health condition justified home confinement. Nonetheless, the weekly check-ins and lack of covered medical care have made the point of home confinement—making it easier to receive care for his health condition—more

---

[20] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring) (per curiam) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence. Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing.") (citation omitted); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

7

difficult. In addition, his health condition shows he is at low risk of recidivism. And there is no evidence that he is a continuing danger to the public. Moreover, Defendant will continue to be on supervised release, which will allow him to continue to be monitored, but remove the difficult travel requirement between Butler and Leavenworth that has become almost impossible given his advanced health condition.

The Court has considered all of the § 3553 factors in light of post-sentencing developments and finds that they weigh in favor of compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Clarence Bradley's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(ii) (Doc. 160) is **granted**.

**IT IS SO ORDERED.**

Dated: December 20, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
